# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00360-CV

**Gordon Ridley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 214,156-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 28, 2008, Gordon Ridley, acting pro se, filed a notice of appeal from a district court order of forfeiture entered on December 29, 2005. *See* Tex. Code Crim. Proc. Ann. arts. 59.01-.14 (West 2006 & Supp. 2008). Ridley's 2008 notice of appeal from the 2005 order was untimely. *See* Tex. R. App. P. 26.1.[1] This Court requested a written response demonstrating our jurisdiction over this appeal. Ridley's response did not demonstrate this Court's jurisdiction.

---

[1] Ridley's notice of appeal is untimely, even if it were considered an attempted restricted appeal, because the notice of appeal was not filed within six months after the judgment was signed. *See* Tex. R. Civ. P. 26.1(c). Ridley's response argues that the 2005 order was entered without his knowledge. But the civil procedure rule that allows the extension of certain deadlines when a party proves late notice of judgment does not extend the time for perfecting a restricted appeal. Tex. R. App. P. 4.2(a)(2); Tex. R. Civ. P. 306a.

Accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   September 18, 2008

2